Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
Tel:  602.753.2933
Fax:  855.592.5876
Email: isaac@hdezlawfirm.com

*Attorney for Plaintiff Gowan Company, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Gowan Company, LLC, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Pierre Ferrand, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Gowan Company, LLC, by and through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant Pierre Ferrand.

## SUMMARY

1. Plaintiff Gowan Company, LLC ("Gowan") brings this action against Defendant Ferrand to assert claims including Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Unjust Enrichment.

2. Plaintiff Gowan seeks compensatory and consequential damages, attorney's fees and costs, and such further relief as the Court deems just and proper under the circumstances.

## THE PARTIES

3. Plaintiff Gowan is an Arizona limited liability company with numerous affiliates, including Gowan France SAS ("Gowan France").

4. Plaintiff Gowan is the sole owner of Crop Demetra Limited, which is the majority and controlling owner of Gowan France.

5. During his employment with Plaintiff Gowan, and up until his separation of employment with Plaintiff Gowan, Defendant Ferrand resided in Yuma County, Arizona.

6. Upon information and belief, Defendant Ferrand was at all times relevant to this matter a Citizen of France.

7. Upon information and belief, Defendant Ferrand currently resides and is domiciled in France.

## AMOUNT IN CONTROVERSY

8. The amount in controversy in this matter exceeds $75,000.00.

9. Among other damages, Plaintiff Gowan seeks to recover the legal fees and costs incurred and will continue to incur defending legal claims Defendant Ferrand has brought in violation of the Separation Agreement entered into between the parties, and the value of all benefits and compensation paid to Defendant Ferrand pursuant the Separation Agreement entered into between the parties, including but not limited to, wages and other compensation in the amount of $51,902.30 and relocation expenses of approximately $30,400.00.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

11. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the District of Arizona. 28 U.S.C. § 1391(b)(2).

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

## FACTUAL BACKGROUND

12. On September 2, 2013, Defendant Ferrand began his employment with Gowan France, an affiliate of Plaintiff Gowan.

13. In or around November of 2014, Defendant Ferrand ended his employment with Gowan France and began his employment with Plaintiff Gowan.

14. In December 2017, Defendant Ferrand notified Plaintiff Gowan of his voluntary resignation, and a Separation Agreement was prepared and signed by both Parties.

15. Defendant Ferrand was residing in Arizona during his employment with Plaintiff Gowan and at the time he signed the Separation Agreement in December 2017.

16. The Separation Agreement provided that Defendant Ferrand's last day of employment would be April 13, 2018.

17. The parties to the Separation Agreement are "Pierre Ferrand, a resident of Yuma, Arizona with his address at 3834 W. 18th Place, Yuma, AZ 85364" and "Gowan Company, LLC, a limited liability company organized under Arizona law, with its office at 370 S. Main Street, Yuma, Arizona 85364, including its affiliate companies."

18. Section 4(c) of Separation Agreement titled "Covenant Not to Sue", provides, in pertinent part, that Defendant Ferrand "agrees to refrain from instituting, prosecuting, filing or processing or knowingly assisting with the instituting, prosecuting, filing or processing of any litigation or other claims against any **Releasee** to the maximum extent permitted by law, in any way related to or arising out of any matter which arose on or before the date of Mr. Ferrand's execution of this Agreement." Emphasis added.

19. Section 4(c) of Separation Agreement provides that Defendant Ferrand "further covenants and agrees, to the maximum extent permitted by law,

not to bring or cause to be brought any administrative proceeding…or any other claim in any other forum, which is in any way related to his employment with or termination from **Gowan or any of its affiliates or any other claim against Releasees**." Emphasis added.

20. Section 4(a) of Separation Agreement defines "Releasees" as Plaintiff Gowan Company, LLC, and "its predecessors, successors, assigns, members, managers, employees, principals, agents, insurers, attorneys, **and affiliates**". Emphasis added.

21. Under the terms of the Separation Agreement, Gowan France SAS is an affiliate of Plaintiff and a "Releasee."

22. In exchange and consideration for Defendant's Ferrand's release of claims and promises not to sue Plaintiff Gowan and Releasees, Defendant Ferrand received compensation and benefits to which he was not otherwise entitled.

23. On or about October 18, 2018, Defendant Ferrand filed a lawsuit against Gowan France alleging violations of French law regarding his separation of employment from Gowan France.

24. On or about September 10, 2020, a French lower court entered a judgment in favor of Gowan France.

25. On or about October 15, 2020, Defendant Ferrand filed a notice appealing that French lower court decision in favor of Gowan France.

26. Defendant Ferrand's appeal in the French appellate court is still pending.

27. When Defendant Ferrand filed a lawsuit against Gowan France, he violated a material term of the Separation Agreement wherein he agreed to refrain from filing any claims against Plaintiff Gowan and/or any other Releasees that arose on or before the date of the execution of the Separation Agreement.

28. When Defendant Ferrand filed a lawsuit against Gowan France, he violated a material term of the Separation Agreement wherein he agreed to refrain

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

from bringing any claim in any forum that is in any way related to his employment or termination from Plaintiff Gowan and/or any other Releasees.

29. Defendant Ferrand again breached the contract when he filed his appeal the French lower court decision denying his initial claim against Gowan France.

30. Defendant Ferrand's breach has caused damages to Plaintiff Gowan, including but not limited to, legal fees and costs incurred to defend against Defendant's lawsuit against Gowan France and the subsequent appeal, which is still pending.

## FIRST CAUSE OF ACTION

### Breach of Contract

31. Plaintiff Gowan incorporates by reference the preceding paragraphs of this Complaint as if specifically set forth herein.

32. Defendant Ferrand breached the Separation Agreement by filing a lawsuit against Gowan France, an affiliate of Plaintiff Gowan and Releasee pursuant to the Separation Agreement.

33. Defendant Ferrand breached the Separation Agreement by filing an appeal of the French lower court decision dismissing his lawsuit against Gowan France, an affiliate of Plaintiff Gowan and Releasee pursuant to the Separation Agreement.

34. Defendant Ferrand's breach has damaged Plaintiff Gowan in an amount to be determined at trial.

35. Because this matter arises out of contract, Plaintiff Gowan is entitled to attorney fees and costs pursuant to A.R.S. §§12-341 and 12-341.01.

///
///
///
///

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

## SECOND CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing

36. Plaintiff Gowan incorporates by reference the preceding paragraphs of this Complaint as if specifically set forth herein.

37. Defendant Ferrand owed Plaintiff Gowan a duty to act fairly and in good faith regarding the terms of the Separation Agreement.

38. This duty required Defendant Ferrand to avoid any action that would prohibit Plaintiff Gowan from receiving the benefits of the Separation Agreement.

39. Defendant Ferrand breached covenant of good faith and fair dealing by filing a lawsuit against Gowan France, an affiliate of Plaintiff Gowan and Releasee pursuant to the Separation Agreement.

40. Defendant Ferrand breached covenant of good faith and fair dealing by filing an appeal of the French lower court decision dismissing his lawsuit against Gowan France, an affiliate of Plaintiff Gowan and Releasee pursuant to the Separation Agreement.

41. Defendant Ferrand's breach has damaged Plaintiff Gowan in an amount to be determined at trial.

42. Because this matter arises out of contract, Plaintiff Gowan is entitled to attorney fees and costs pursuant to A.R.S. §§12-341 and 12-341.01.

## THIRD CAUSE OF ACTION
### Unjust Enrichment

43. Plaintiff Gowan incorporates by reference the preceding paragraphs of this Complaint as if specifically set forth herein.

44. To the extent the Separation Agreement is determined to be not enforceable, to allow Plaintiff Gowan recovery of compensation and benefits received by Defendant Ferrand pursuant to the Separation Agreement, Plaintiff Gowan pleads unjust enrichment in the alternative.

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

45. In exchange and consideration for Defendant's Ferrand's release of claims and promises not to sue Plaintiff Gowan and Releasees, Plaintiff Gowan provided Defendant Ferrand with substantial compensation and benefits pursuant to the Separation Agreement.

46. It would be unjust and inequitable to allow Defendant Ferrand to retain the compensation and benefits after his knowing and intentional breach of material terms in the Separation Agreement.

47. Because this matter arises out of contract, Plaintiff Gowan is entitled to attorney fees and costs pursuant to A.R.S. §§12-341 and 12-341.01.

## JURY DEMAND

48. Plaintiff Gowan demands a jury trial.

**WHEREFORE,** Plaintiff Gowan prays for relief against Defendant Ferrand as follows:

A. Declare that Defendant violated the Separation Agreement he signed with Plaintiff;

B. Award Plaintiff compensatory and consequential damages in amounts to be determined at trial, including all reimbursement of all compensation and benefits Plaintiff paid Defendant pursuant to the Separation Agreement and payment for all legal fees and costs Plaintiff has incurred defending against Defendant's lawsuits against Gowan France;

C. Order Defendant to pay reasonable attorney's fees and costs incurred by Plaintiff related to this complaint;

D. Order Defendant to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

E.  Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and

I.  Order all other relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

Respectfully submitted this 28th day of April 2023.

                                Hernandez Law Firm, PLC

                                By: /s/ Isaac P. Hernandez
                                        Isaac P. Hernandez

                                Attorney for Plaintiff Gowan Company, LLC